# EXHIBIT A

E-FILED
IN COUNTY CLERK'S OFFICE
PIERCE COUNTY, WASHINGTON

February 26 2021 2:55 PM

KEVIN STOCK
COUNTY CLERK
NO: 21-2-04815-5

CIRCUIT COURT OF THE STATE OF WASHINGTON

FOR THE COUNTY OF PIERCE

| | |
|---|---|
| USAA CASUALTY INSURANCE COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>CARRIER CORPORATION, WHITE-RODGERS, LENNAR CORPORATION; and SOUND HEATING & AIR CONDITIONING, INC. and DOE ONE<br><br>Defendants | Case No.<br><br>**COMPLAINT**<br>**(Negligence; Strict Products Liability)**<br><br>Fee Authority:  RCW 36.18.020(2)(a)<br>                          RCW 36.18.020(5)(c)<br><br>Prayer Amount:  $412,197.83 |

COMES NOW, Plaintiff, USAA Casualty Insurance Company ("USAA CIC") as subrogee of Tiffany Spadaro ("Insured"), for its Complaint against Defendants Carrier Corporation ("Carrier"), White-Rodgers ("White-Rodgers"), Lennar Corporation ("Lennar"), Sound Heating & Air Conditioning, Inc. ("Sound Heating"), and Doe One alleges on information and belief, as follows:

1. At all times relevant, Plaintiff USAA CIC was and is a Texas corporation. It was and is licensed by the State of Washington to conduct and transact business as an insurance company in the state of Washington.

2. USAA CIC, at all pertinent times herein, was the insurer for Tiffany Spadaro (the "Insured"), and her residential property located in Pierce County, at 18124 133rd Street E.,

Page 1 -   COMPLAINT

GROTEFELD HOFFMANN
324 S. Abernethy St.
Portland, OR  97239
(503) 384-2772
csmith@ghlaw-llp.com

Bonney Lake, Washington 98391 (the "Residence"). At all relevant times herein, the Insured owned the Residence which was constructed by Defendant Lennar. The insured had purchased the newly constructed home from Lennar and had lived in the house less than a year at the time of the fire.

3.  Upon information and belief, Defendant Carrier, is a Delaware foreign business corporation with its principal place of business in Palm Beach Gardens, Florida.

4.  Upon information and belief, Defendant White-Rodgers, is a Missouri corporation with its principal place of business in St. Louis, Missouri.

5.  Upon information and belief, Defendant Lennar, is a Delaware corporation with its principal place of business in Miami, Florida.

6.  Upon information and belief, Defendant Sound Heating, is a Washington profit corporation with its principal place of business in Puyallup, Washington.

7.  Upon information and belief, Defendant, DOE One, was a subsidiary corporate entity of Lennar Corporation. Although the name is unknown, the DOE Lennar entity developed, constructed, marketed and or sold the residence as well as the failed furnace which was incorporated into the residence.

## GENERAL ALLEGATIONS

8.  This subrogation action arises out of the failure of a Carrier furnace, model # 59TP6A. The failure resulted in a fire that occurred at the Residence on March 8, 2018 and caused significant damage to the Residence (the "Incident").

9.  At all relevant times, Defendant Carrier designed, approved recommended, manufactured, assembled, built, tested, inspected, marketed, sold and/or distributed furnaces like the one used at the Residence.

10. The Incident was determined to have been caused by the defective Furnace, which failed, causing a fire at the Insured's Residence.

/ / /

Page 2 -   COMPLAINT

GROTEFELD HOFFMANN
324 S. Abernethy St.
Portland, OR  97239
(503) 384-2772
csmith@ghlaw-llp.com

11. The furnace and HVAC system were installed, serviced and/or repaired by Defendant Sound Heating, a subcontractor selected and hired by Defendant Lennar.

12. Improper installation and/or repair by Lennar and Sound Heating may have contributed to the failure of the furnace and the Incident.

13. At all relevant times, the Insured used the Furnace for its foreseeable, intended, and normal purposes.

14. Upon information and belief, White-Rodgers served as the manufacturer of the pressure regulator, a component which was selected by Carrier and incorporated into the furnace, which was installed at the Residence. During manufacturing, White-Rodgers failed to properly manufacture the pressure regulator to ensure the safe use of the furnace.

15. An investigation into the cause of the fire revealed that the pressure regulator, located in the middle compartment of the furnace, failed to regulate the amount of natural gas that flows from the natural gas pipe to the furnace and caused an explosion and fire at the Residence.

16. The investigation into the cause of the fire also revealed burn patterns in the control panel of the furnace, which indicated the furnace was the location of origin for the fire at the Residence, and that the furnace controller did not properly detect a failure and shut off the natural gas. This furnace controller malfunction resulted in an explosion and fire at the Residence.

17. Based on information and belief, Defendants' Carrier and White-Rodgers failure to properly manufacture the furnace resulted in significant damage to the Residence.

18. Upon information and belief, Lennar and DOE One were and are the manufacturers and developers of the Residence. During manufacturing, Lennar Corporation and DOE one failed to properly ensure that a safe furnace was selected and/or that the subcontractors hired by Lennar properly installed the furnace and HVAC elements in the residence.

Page 3 -   COMPLAINT

GROTEFELD HOFFMANN
324 S. Abernethy St.
Portland, OR  97239
(503) 384-2772
csmith@ghlaw-llp.com

19. Upon information and belief, Sound Heating served as the subcontractor to Lennar. Sound Heating installed, serviced and/or repaired the furnace and HVAC elements at the Residence. Sound Heating failed to ensure that the furnace and HVAC elements were properly installed, serviced and/or repaired in the residence.

20. Upon information and belief, at all relevant times, the furnace was not tampered with following installation and was used for its customary, normal, and foreseeable use.

21. Pursuant to their policy with USAA CIC, the Insured made a claim seeking indemnification and reimbursement for damages resulting from the Incident. Accordingly, USAA CIC was required to and did pay its insured the amount of not less than $412,197.83.

22. In consideration of USAA CIC's payments, it is subrogated to all rights, claims and interests that the Insured may have against any person or entity that may be liable for causing the reimbursed damages that resulted from the Incident.

**FIRST CLAIM FOR RELIEF**

**(Negligence)**

**(as to Carrier and White-Rodgers)**

23. Plaintiff realleges Paragraphs 1 through 22 as though fully set forth herein.

24. At all relevant times, Defendants Carrier and White-Rodgers were under a duty to exercise reasonable care in designing, manufacturing, testing, and inspecting the Furnace to avoid exposing the Insured and her Residence to a foreseeable risk of harm.

25. Defendants Carrier and White-Rodgers knew, or should have known, that failure to properly design, manufacture, test, and/or inspect the Furnace would increase the risk of Incident related damage to the Residence should the Furnace fail during its intended use.

26. Furthermore, Defendants Carrier and White-Rodgers knew, or should have known, that failure to properly warn consumers of the risk of damage associated with the use of the Furnace would increase the risk of harm from the use of the Furnace.

/ / /

Page 4 -   COMPLAINT

GROTEFELD HOFFMANN
324 S. Abernethy St.
Portland, OR 97239
(503) 384-2772
csmith@ghlaw-llp.com

27. At all relevant times, Defendants Carrier and White-Rodgers breached their respective duties by one or more of the following acts or omissions:

    (a) Failing to properly design the Furnace;

    (b) Failing to properly select the materials used to manufacture the Furnace;

    (c) Failing to properly manufacture the Furnace;

    (d) Failing to properly inspect the Furnace;

    (e) Failing to properly test the Furnace;

    (f) Failing to properly warn of the known risks associated with the use of the Furnace;

    (g) Failing to ensure that the normal and foreseeable use of the Furnace would not create a fire risk; and

    (h) Otherwise failing to use due care in the design, manufacture, testing, or inspection of the Furnace.

28. The negligence of Defendants Carrier and White-Rodgers was a substantial factor in causing damage to the Residence, when the Furnace failed and caused a fire.

29. An investigation concluded that the failure of the furnace was a substantial factor in causing the Incident's significant damage to the Residence.

30. As a direct and proximate cause of the negligence of Defendants Carrier and White-Rodgers, Plaintiff suffered damages, including costs of repair, contents replacement, associated living expenses, and property damage in an amount not less than $412,197.83.

**SECOND CLAIM FOR RELIEF**

**(Strict Products Liability)**

**(as to Carrier and White-Rodgers)**

31. Plaintiff incorporates by reference paragraphs 1 through 22 as though fully set forth herein.

/ / /

Page 5 -   COMPLAINT

GROTEFELD HOFFMANN
324 S. Abernethy St.
Portland, OR  97239
(503) 384-2772
csmith@ghlaw-llp.com

32. At all relevant times, Defendants Carrier and White-Rodgers were in the business of designing, manufacturing, assembling, testing, advertising, marketing, distributing, and/or selling products such as the furnace and pressure regulator used at the Residence.

33. Plaintiff, USAA CIC, is properly classified as "claimant" under RCW 7.72.010(5) for purposes of this lawsuit.

34. Defendants Carrier and Whites-Rodgers are properly classified as "manufacturer" under RCW 7.72.010(2) for purposes of this lawsuit.

35. The furnace that failed in the residence was manufactured by Carrier with an incorporated component manufactured by Whites-Rodgers, and is property classified as a "product" under RCW 7.72.010(3) for purposes of this lawsuit.

36. Defendants Carrier and White-Rodgers knew, or had reason to know, that the purchaser and user of the furnace would rely on the skill and judgment of Defendants Carrier and White-Rodgers in their design, manufacture, assembly, testing, sale, and/or distribution of the furnace and its component parts, and that such a furnace would be used by consumers without inspection for defects.

37. Defendants Carrier and White-Rodgers had a duty not to manufacture, market, sell, ship, assemble, package, distribute, and/or supply a product, such as the furnace and its pressure regulator, in a defective condition that was unreasonably dangerous to foreseeable users when used in a reasonably expected manner.

38. The furnace used at the Residence was not modified or altered from the time of sale to the time of the Incident, and at all relevant times was used for its customary, normal, intended, and foreseeable purpose.

39. The furnace and/or its component parts were defective at the time it left the control of Defendants Carrier and White-Rodgers, in one or more of the following ways:

/ / /

/ / /

Page 6 -   COMPLAINT

GROTEFELD HOFFMANN
324 S. Abernethy St.
Portland, OR  97239
(503) 384-2772
csmith@ghlaw-llp.com

1  (a)  The Furnace and/or its component parts, including the pressure regulator, were defective in their design in that the Furnace did not perform safely, and in fact failed;

(b)  The Furnace and/or its component parts, including the pressure regulator, were defectively designed because the risks of significant Incident damage to consumers' properties far outweigh any potential benefits derived from the Furnace's design;

(c)  The Furnace and/or its component parts, including the pressure regulator, was defectively designed because it was unsafe to an extend beyond that which would be contemplated by an ordinary user;

(d)  The Furnace and/or its component parts, including the pressure regulator, contained manufacturing defects in that the Furnace differed from the manufacturer's design or specifications or from typical units of the same product line;

(e)  The Furnace and/or its component parts, including the pressure regulator, failed to adequately warn consumers of possible hazards;

(f)  The Furnace and/or its component parts, including the pressure regulator, lacked proper instructions and warnings as to its use and dangers;

(g)  The Furnace and/or its component parts, including the pressure regulator, were designed, manufactured, and/or assembled without proper testing; and

(h)  The Furnace and/or its component parts, including the pressure regulator, were defective in that the Furnace caught fire for no apparent reason during its normal use and was the sole location of origin for the fire at the Residence.

///
///
///

Page 7 -   COMPLAINT

GROTEFELD HOFFMANN
324 S. Abernethy St.
Portland, OR  97239
(503) 384-2772
csmith@ghlaw-llp.com

40. Defendants Carrier and White-Rodgers failed to provide a safe product by failing to properly manufacture, style, assemble, install, construct, advertise, promote, import, sell, distribute, warn, recall, and/or take all other necessary reasonable precautions to prevent losses such as the Incident.

41. Such defects, the failure to provide a safe product, and/or the failure to take all other necessary precautions to prevent losses such as the Incident were a substantial factor in causing the damages alleged herein.

42. As a direct and proximate result of the aforementioned, Defendants Carrier and White-Rodgers are strictly liable to plaintiff for the damages and destruction of the Premises in an amount not less than $412,197.83.

### THIRD CLAIM FOR RELIEF
### (Breach of Implied Warranties)
### (As to Lennar and DOE One)

43. Plaintiff incorporates by reference paragraphs 1 through 22 as though fully set forth herein.

44. Defendants Lennar and DOE one were in the business of advertising, promoting, developing, selling, and constructing products such as the house purchased by the insureds and its component parts to the general public.

45. Defendants Lennar and DOE one knew or had reason to know, that a user of the house and its components (the furnace) would rely on the skills and judgment of the Defendants Lennar and DOE one.

46. Defendants Lennar and DOE one impliedly warranted that the house and its components were proper and fit for the purpose of ventilating, heating and safety.

47. The insured used the house and the furnace for their ordinary purposes.

48. The failure of the furnace and the HVAC elements to conform to the expected quality of such goods was a substantial factor in causing fire damage to the Insured's property.

Page 8 -   COMPLAINT

GROTEFELD HOFFMANN
324 S. Abernethy St.
Portland, OR 97239
(503) 384-2772
csmith@ghlaw-llp.com

49. As a direct and proximate cause of the breach of said implied warranties by Defendants Lennar and DOE one, Plaintiff suffered damages, including costs of repair, contents replacement, associated living expenses, and property damage in an amount not less than $412,197.83.

**FOURTH CLAIM FOR RELIEF**

**(Negligence)**

**(As to Sound Heating, Lennar and DOE one)**

50. Plaintiff incorporates by reference paragraphs 1 through 22 as though fully set forth herein.

51. In the alternative, Plaintiff pleads that at all material times, Defendants Sound Heating, Lennar, and DOE one, through their agents and employees, acting in the scope of their employment, were under a duty to use reasonable care to avoid exposing the Insured to a foreseeable risk of harm. In performing the work, Defendants Sound Heating, Lennar and DOE one failed to properly install, service and/or repair the subject furnace and HVAC elements, contributing to the fire.

52. It was also the duty of Defendants Sound Heating, Lennar and DOE one to use such skill, prudence and diligence as a reasonably prudent person or as other contractors and/or HVAC professionals in the installation, service and/or repair of the failed furnace and connected HVAC elements.

53. Defendant Sound Heating, Lennar and DOE one knew or should have known that failure to properly install, service and/or repair the subject furnace and connected HVAC elements.

54. Defendants Sound Heating, Lennar and DOE one knew or should have known that failure to properly install, service and/or repair the subject furnace and connected HVAC elements would increase the risk of malfunction, explosion and fire. Plaintiff's investigation revealed that the actions or inactions of Defendants Sound Heating, Lennar and DOE one may

Page 9 - COMPLAINT

GROTEFELD HOFFMANN
324 S. Abernethy St.
Portland, OR  97239
(503) 384-2772
csmith@ghlaw-llp.com

have contributed to the failure.

55. At all relevant times, Defendants Sound Heating, Lennar, and DOE one breached said duties by one or more of the following acts or omissions:

 (a) Carelessly and negligently failing to properly install, service and/or repair the furnace and HVAC elements surrounding the furnace in a workmanlike manner;

 (b) Carelessly and negligently failing to perform the HVAC work in a workmanlike manner;

 (c) Carelessly and negligently failing to test the furnace and HVAC elements following installation, service, and/or repair to ensure it was operating safely;

 (d) Carelessly and negligently failing to properly inspect the furnace and HVAC elements prior to releasing the residence for habitation.

 (e) Carelessly and negligently failing to select qualified subcontractors, technicians and tradespeople who would competently perform the installation, service and/or repair of the furnace and HVAC elements in the subject residence;

 (f) Carelessly and negligently failing to properly ensure that a safe furnace and HVAC elements were selected, designed and constructed in the residence;

 (g) Carelessly and negligently failing to comply with furnace manufacturer's guidelines;

 (h) Otherwise, being careless and negligent in the fulfilling their duties.

56. The negligence of Defendants Sound Heating, Lennar and DOE one was a substantial factor in causing the Incident and resulting damages to the Residence.

57. As a direct and proximate cause of the negligence, carelessness and/or negligent omissions by Defendants Sound Heating, Lennar and DOE one, Plaintiff suffered damages, including costs of repair, contents replacement, associated living expenses, and property damage in an amount not less than $412,197.83.

Page 10 - COMPLAINT

GROTEFELD HOFFMANN
324 S. Abernethy St.
Portland, OR  97239
(503) 384-2772
csmith@ghlaw-llp.com

1     WHEREFORE, Plaintiff USAA CASUALTY INSURANCE COMPANY prays for judgment against Defendants Carrier Corporation, White-Rodgers, Lennar Corporation, Sound Heating and Doe One as follows:

    (a)    Monetary damages in an amount to be proven at trial, not less than $412,197.83;

    (b)    Prejudgment interest where allowable by law;

    (c)    Post judgment interest;

    (d)    Attorney fees and costs of suit where allowable by law; and

    (e)    Such other relief as the Court deems just and proper.

DATED: February 25, 2021

    */s/ Carson Smith*
Carson O. Smith, Bar No. 49472
Grotefeld, Hoffmann,
Gordon, Ochoa & Evinger, LLP
324 S. Abernethy Street
Portland, OR 97239
Phone: (503) 384-2772
Fax: (503) 210-5346
csmith@ghlaw-llp.com

*Attorneys for Plaintiff*

Page 11 - COMPLAINT

GROTEFELD HOFFMANN
324 S. Abernethy St.
Portland, OR 97239
(503) 384-2772
csmith@ghlaw-llp.com